UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE E.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-272-CDL |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is the plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 49, 50). The defendant responded in opposition (Doc. 60), and the plaintiff filed a reply brief (Doc. 63). The defendant also filed a Notice of Supplemental Authorities (Doc. 64).

**I.   Background**

   **A.   The Appointments Clause**

The Appointments Clause requires that inferior officers of the United States be appointed by the President, Courts of Law, or Heads of Departments. U.S. Const. art. II, § 2, cl. 2. On June 21, 2018, in *Lucia v. S.E.C.*, the Supreme Court held that the Securities and Exchange Commission's five administrative law judges (ALJs) are such inferior officers, who must be appointed under the Appointments Clause, rather than selected by

---

[1] In July, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. Thus, pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi is substituted as defendant in this action.

agency staff. *See Lucia v. S.E.C.*, 138 S. Ct. 2044, 2049 (2018). Following the *Lucia* decision, the Acting Commissioner of the Social Security Administration (SSA) "ratified the appointments" of the SSA's approximately 1,600 ALJs, in order to "address any Appointments Clause questions involving Social Security claims." Social Security Ruling 19-1p, 84 Fed. Reg. 9582-02, 2019 WL 1202036 (March 15, 2019). The SSA also instituted a procedure for review of timely-raised Appointments Clause challenges, directing the SSA's Appeals Council, in appropriate cases, to vacate the ALJ's pre-ratification decision, "conduct a new and independent review of the claims file," and either remand the case to a different ALJ or issue its own decision. *Id*.

## B. Procedural History of Plaintiff's Claim

Plaintiff initiated his application for Title II disability benefits in 2014. The application was denied initially and on reconsideration. The plaintiff ultimately was denied benefits by an ALJ decision on June 15, 2017, following an administrative hearing. The Appeals Council denied the plaintiff's request for review on March 16, 2018. The plaintiff filed the instant case on May 18, 2018, challenging the SSA decision denying benefits.

The parties consented to proceed before a Magistrate Judge. The plaintiff raised five issues in the case. United States Magistrate Judge Frank H. McCarthy rejected the plaintiff's arguments as to four of those issues (record development, residual functional capacity, credibility determination, and the hypothetical question posed to the vocational expert), but agreed with the plaintiff's argument that the ALJ who decided the claim was not appointed in compliance with the Appointments Clause. (*See* Doc. 16 at 4-13).

As to the Appointments Clause issue, the Commissioner argued that the Court should not consider the argument because plaintiff did not raise the issue before the SSA and therefore failed to make a timely Appointments Clause argument. Judge McCarthy noted a split in authorities, with courts "mostly" finding that the issue was forfeited if not raised before the SSA and a "small number of cases" relying on the Supreme Court's analysis in *Sims v. Apfel*, 530 U.S. 103, 105 (2000) to conclude that the Appointments Clause issue was not forfeited even though it was not raised before the SSA. (*See* Doc. 16 at 10-11).

Judge McCarthy was "persuaded that the cases finding that no forfeiture occurs when the claimant fails to raise the Appointments Clause issue before the [SSA] are better reasoned in light of the Supreme Court's analysis in *Sims*." (*Id.* at 12). Therefore, the Court found that "the ALJ who issued the decision under review was not appropriately appointed under the Appointments Clause of the Constitution," and the plaintiff "did not forfeit the Appointments Clause claim by failing to raise that issue before the [SSA]." (*Id.* at 13). The Court thus reversed and remanded for proceedings before a different, constitutionally appointed ALJ. (*Id.*).

The Commissioner appealed Judge McCarthy's judgment reversing and remanding on the Appointments Clause issue. On appeal, the Tenth Circuit Court of Appeals determined that the plaintiff waived the Appointments Clause challenge by failing to exhaust it before the SSA. (Doc. 33 at 3).[2] The Tenth Circuit considered the authorities

---

[2] The Tenth Circuit consolidated the appeal with its review of another case involving the same issue, *Minor v. Commissioner, SSA*.

cited by both sides, including the *Sims* decision upon which Judge McCarthy's decision relied, and determined that the plaintiff forfeited the argument by failing to raise it before the SSA and that Judge McCarthy erroneously relied on *Sims*. (*Id.* at 9-12). Among other things, the Circuit noted that "the Supreme Court in *Sims* cautioned that its holding did not apply to the issue before us" and "emphasized that '[w]hether a claimant must exhaust issues before the ALJ [was] not before [the Supreme Court in *Sims*].'" (Doc. 33 at 15). The Tenth Circuit concluded that there were good reasons for requiring a claimant to raise the Appointments Clause issue before the ALJ, including the fact that an administrative Appointments Clause challenge would have notified the SSA of the need to appoint an ALJ, when it would have had authority and opportunity to do so. (*See id.* at 15-17). The Circuit reversed Judge McCarthy's determination.

The plaintiff petitioned for certiorari. The Supreme Court granted certiorari to resolve a conflict between Circuit Courts of Appeal on the issue of whether Appointments Clause challenges are forfeited by a disability claimant who fails to raise the issue before the SSA. Prior to the Supreme Court's decision, the Eighth and Tenth Circuits had determined that such claims were forfeited, while the Third, Fourth, and Sixth Circuits had determined that claimants may challenge the constitutionality of an SSA ALJ's appointment for the first time in federal court. *See Carr v. Saul*, __ U.S. __, 141 S. Ct. 1352, 1357 (2021) (citing Circuit cases).

On April 22, 2021, the Supreme Court reversed the judgment of the Eight and Tenth Circuit Courts of Appeals and held that the plaintiff and other disability claimants had not waived their Appointments Clause challenges. In its analysis, the Court listed three reasons

4

for holding that disability claimants are not required to exhaust an Appointments Clause challenge before the agency in order to raise the issue before the courts: namely, the inquisitorial features of a disability determination proceeding before an ALJ, the constitutional nature of the Appointments Clause issue, and the futility of "present[ing] claims to adjudicators who are powerless to grant the relief requested." *Id.* at 1361-62.

After the Supreme Court issued its decision, the Tenth Circuit recalled its earlier mandate in this case and remanded the case to the district court for further proceedings consistent with the Supreme Court's opinion. (Docs. 40-41). Following issuance of the mandate from the Tenth Circuit, this Court entered an order remanding to the SSA for further proceedings. (Doc. 45).

The plaintiff now moves for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Commissioner has responded and argues that the SSA's positions at the administrative and litigation levels were substantially justified, such that an award of fees is not appropriate under the EAJA.

## II.   Standards Applicable to EAJA Fee Awards

Under the EAJA, "a court shall award to a prevailing [plaintiff] fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Thus, a fee award under the EAJA "is required if: (1) [the] plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).

The Commissioner has the "burden of demonstrating that the government's position was substantially justified." *Lopez v. Berryhill*, 690 F. App'x 613, 613 (10th Cir. 2017) (citing *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988)). The SSA's position was "substantially justified" if it was reasonable in law and in fact and "can be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Hackett*, 475 F.3d at 1172); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (internal quotation omitted). "When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (internal citation omitted). "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." *Hadden*, 851 F.2d at 1267.

Consideration of the SSA's position includes considering its positions both in the litigation and in the underlying administrative proceedings. *Hackett*, 475 F.3d at 1172-74; *Hadden*, 851 F.2d at 1267. Therefore, in order to meet its burden, the United States must show that its position was substantially justified throughout all stages of the proceedings. *Hackett*, 475 F.3d at 1172-74. While the term "means . . . more than merely undeserving of sanctions for frivolousness," *Pierce v. Underwood*, 487 U.S. 552, 566 (1988), the standard falls short of requiring the government to prove that its decision to litigate was based on a "substantial probability of prevailing." *Hadden*, 851 F.2d at 1267-68.

### III.   Analysis

#### A.   Prevailing Party

The Commissioner does not dispute that the plaintiff is a "prevailing party" within the meaning of the EAJA, based on the reversal and remand for further administrative proceedings before a properly appointed ALJ. Accordingly, the first requirement for an EAJA award – that the plaintiff is the prevailing party – is satisfied.

#### B.   Special Circumstances

The Commissioner has not argued that there are any "special circumstances" that would render a fee award unjust. Thus, the only issue is whether the SSA's position was "substantially justified."

#### C.   Substantially Justified Position

##### 1.   At the Administrative Level

The plaintiff contends that the SSA's position was unjustified at the administrative level because the "Commissioner ignored" that the ALJ lacked authority to hear and decide the plaintiff's disability claim and the "Commissioner failed to acknowledge that [the] relevant pre-litigation position forced the [p]laintiff and other claimants to submit to an improperly-appointed ALJ." (Doc. 50 at 7). The plaintiff further argues that the SSA's pre-litigation position was unjustified because "in November 2017, before the plaintiff's case was heard, the federal government had conceded in the U.S. Supreme Court that all ALJs were not appointed in conformity with the Appointments Clause." (*Id.*, citing *Lucia*, 138 S. Ct. 2044). In response, the Commissioner correctly notes that plaintiff's argument is chronologically inaccurate, because the ALJ's decision in this case was issued months

before the government filed a response to the certiorari petition in *Lucia*, and the administrative proceedings in this case were completed in March 2018, before *Lucia* was decided. (Doc. 60 at 8). Moreover, the government only discussed the Securities and Exchange Commission ALJs in its response brief in *Lucia*. (*Id.*).

The SSA's pre-litigation position was substantially justified. The plaintiff did not raise the Appointments Clause issue before the SSA. The plaintiff's disability claim was thus adjudicated at the agency level based on the issues presented by plaintiff and the record, as any ordinary disability claim is addressed before an ALJ. The plaintiff cites no authority that would impose any obligation on the SSA to raise an Appointments Clause argument, sua sponte, where the plaintiff himself did not raise the issue at the agency level. *See, e.g., Barrios v. Kijakazi*, No. 19-23402-CIV-M/L, 2021 WL 7209209, *3 (S.D. Fla. Oct. 29, 2021) ("[T]he Court is aware of no settled law, and Plaintiff cites to none, that imposes such a duty to sua sponte raise Appointments Clause issues not raised by the claimant herself."); *Jones v. Saul*, No. 1:19cv275, 2021 WL 5600621, *2 (W.D.N.C. Nov. 30, 2021) ("No settled law mandates that the Commissioner, through either an ALJ or the Appeals Council, must *sua sponte* raise an Appointments Clause issue that was not raised by the claimant"); *Diane P. v. Kijakazi*, No. 4:17cv143, 2022 WL 135915, *4 (E.D. Va. Jan. 10, 2022) ("[N]o settled law mandates that the Government raise an Appointments Clause issue sua sponte during agency proceedings."); *Flynn v. Saul*, No. 19-0058, 2021 WL 2577146, *3 (E.D. Pa. Jun. 22, 2021) (no authority requires that the Commissioner raise an Appointments Clause issue *sua sponte*).

Moreover, the Supreme Court had not decided either *Lucia* or *Carr* (this case) prior to the conclusion of the agency proceedings in this case. Thus, at the time of the administrative proceedings in this case, the law was unsettled and in flux as to whether a claimant would forfeit any Appointments Clause argument by failing to raise it before the ALJ. *See Cherry*, 125 F. App'x at 916 (government's position is more likely substantially justified when the law is unsettled or in flux).

    **2.    In the Litigation**

The Commissioner asserts that its litigation position was substantially justified because the precise issue decided by the Supreme Court in this case was previously undecided prior to the April 22, 2021 decision in *Carr*, 141 S. Ct. 1352. The Court agrees. While *Lucia* was decided prior to the conclusion of this litigation, the Supreme Court in *Lucia* appeared to impose a timeliness requirement on Appointments Clause challenges. *See Lucia*, 138 S. Ct. at 2055 (internal citation omitted) ("This Court has held that 'one who makes a *timely challenge* to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief. *Lucia made just such a timely challenge: He contested the validity of Judge Elliott's appointment before the [Securities and Exchange] Commission*, and continued pressing that claim in the Court of Appeals and this Court.") (emphasis added).

Prior to the Supreme Court's *Carr* decision, it remained an open question as to whether a claimant forfeited an Appointments Clause challenge by failing to timely raise it before the agency. Given that the issue was undecided and in flux prior to the Supreme Court's decision in this case, the Commissioner's litigation position was substantially

9

justified. *See Nelson S. v. Saul*, 3:19-cv-01289-SDV, 2021 WL 5768520, *5 (D. Conn. Dec. 6, 2021) (finding that the SSA's position was substantially justified because "the question left open by *Lucia*, 138 S. Ct. 2044, as to what constituted a timely Appointments Clause challenge was resolved only when the Supreme Court issued *Carr*, 141 S. Ct. 1352, on April 22, 2021"); *Serrano v. Kijakazi*, 18-Civ-11543(GBD)(SLC), 2022 WL 2531117, *6 (S.D.N.Y. Feb. 2, 2022) (internal citation omitted) ("Based on the 'considerable flux' in the state of the law on whether an Appointments Clause challenge had to be raised at the agency level to be preserved for federal court review, the Court finds that the Commissioner's position in this action was 'substantially justified' under the EAJA.").

Moreover, prior to the Supreme Court decision resolving the conflict among Circuits on the issue, the Tenth and Eighth Circuits and several district courts had determined that plaintiffs forfeited Appointments Clause challenges by failing to raise the issue before the ALJ, while the Third, Fourth, and Sixth Circuits had decided the issue differently. Because the Circuit Courts were split, the law was unsettled and reasonable persons could disagree on the issue. Thus, the Commissioner's position in the litigation was reasonable and substantially justified. *See Reese v. Kijakazi*, No. Civ-19-0139-KBM, 2021 WL 5493026, *5 (D.N.M. Nov. 23, 2021) ("This split of appellate authority provides support for the Commissioner's argument that reasonable minds could and did differ as to the forfeiture of Appointments Clause challenges prior to the Supreme Court's decision in *Carr*."); *Dewonkiee L.B. v. Comm'r of Soc. Sec.*, No. 19-cv-0503(DEP), 2021 WL 3417842, *3 (N.D.N.Y. Aug. 5, 2021) (finding the Commissioner's litigation position substantially justified because of the "marked split of authority" regarding the

10

Appointments Clause issue prior to the Supreme Court's decision in *Carr*); *Swisher v. Kijakazi*, No. 3:18-cv-1356, 2022 WL 2813044, *4 (M.D. Tenn. Jul. 18, 2022) (Circuit split, and at least 34 district court opinions prior to *Carr* that rejected claimants' Appointments Clause challenges for failure to raise the challenges at the administrative level, were "all objective indicators of reasonableness that weigh in favor of finding that Defendant's position was substantially justified"); *Garth D. v. Comm'r of Soc. Sec.*, __ F. Supp. 3d __, 2022 WL 2589787, *4 (W.D.N.Y. Jul. 8, 2022) ("The fact that multiple courts at both the circuit and district-court level agreed with the Commissioner's position on this issue supports that it had a reasonable basis in law and fact."); *see also Koch v. U.S. Dep't of Interior*, 47 F.3d 1015, 1021 (10th Cir. 1995) (denying EAJA fees after noting circuit disagreement on an issue and reasoning that a "string of successes" can be indicative of a substantially justified government position).

      The Commissioner also points out that Judge McCarthy decided in favor of the SSA on the four other issues presented in the plaintiff's appeal and thus found that there was no error in the ALJ's disability analysis. (*See* Doc. 60 at 10-11, 16-18). Other courts considering EAJA fee applications post-*Carr* have considered whether the Commissioner's position as to the merits of the underlying disability claims were substantially justified. *See Torres v. Comm'r of Soc. Sec.*, Civ. No. 19-2003 (CVR), 2021 WL 3562610, *4-5 (D.P.R. Aug. 11, 2021) (determining Commissioner's positions on the Appointments Clause issue and underlying disability claim were substantially justified); *Swisher*, 2022 WL 2813044 at *6. The Commissioner's position on the merits of the disability claim was substantially justified in light of the Court's determination that the

11

ALJ did not error in the disability analysis on the four issues raised by the plaintiff. Thus, overall, the Commissioner's position was substantially justified in this litigation.

## IV. Conclusion

Though ultimately unsuccessful in the litigation when the Supreme Court rendered its opinion in this case, the Commissioner met her burden of showing that the SSA's position was substantially justified at both the pre-litigation administrative level and in federal court proceedings. Accordingly, the plaintiff's Motion for Attorney Fees Pursuant to the EAJA (Doc. 49) is **denied**.

IT IS SO ORDERED this 30th day of September, 2022.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge