UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WILLIE E.C.,** | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-CV-272-CDL |
| | ) |
| **KILOLO KIJAKAZI, Acting** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the motion of plaintiff's counsel for an award of attorney fees in the amount of $16,095.48, pursuant to 42 U.S.C. § 406(b), for contingent legal work performed before the courts. (Doc. 77). Upon review of the request and all filings related thereto, the plaintiff's lack of objection, the defendant's response (Doc. 78), in which defendant indicated she does not take a position as to the motion, and consistent with the law governing fee awards under § 406(b), the Court finds and concludes that the motion (Doc. 77) should be granted.[1]

**I.   Background**

The extensive litigation history of this case is set forth in the Court's earlier Opinion and Order denying fees under the Equal Access to Justice Act. (*See* Doc. 68 at 1-5). In short, following remand to the Social Security Administration, the defendant determined

---

[1]   Plaintiff's counsel has submitted by affidavit information showing that the requisite notice was provided to the plaintiff, and that plaintiff is aware of the fee request but has not responded to counsel's attempts to obtain a response to the motion for fees. (*See* Doc. 79, 80). By failing to respond or to notify the court otherwise, the court finds that the plaintiff has waived any objection he might have expressed concerning the motion for fees under § 406(b).

that plaintiff was entitled to monthly disability benefits beginning January 2014 and issued a Notice of Award on September 13, 2023. (Doc. 77-2). The agency awarded the plaintiff $64,381.90 in past-due benefits. (*Id.* at 3). The plaintiff's attorney-fee contract with his counsel provides that claimant would pay a fee of 25% of past-due benefits in the event of filing in the District Court. (Doc. 77-1). That amount was withheld from plaintiff's past-due benefits for potential payment to his counsel for any awarded attorney fees. (*See* Doc. 77-2 at 3). Counsel now requests a fee be awarded pursuant to § 406(b) in the amount withheld, $16,095.48.

## II.     Discussion

"Congress prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claim[ants]." *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 932 (10th Cir. 2008). Section 406(b) controls fees for representation in court, while § 406(a) deals with fees incurred for representation in the administrative proceedings. *Id.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). "Under 42 U.S.C. § 406(b), whenever a court finds in favor of a claimant who was represented by an attorney, it may determine a reasonable fee for court representation, not in excess of 25% of the past-due benefits awarded by reason of the judgment." *Id.* (citing § 406(b)(1)(A)).

Upon review of the record of court proceedings and the fee motion and all attachments, the Court finds the amount sought by plaintiff's counsel under § 406(b) is reasonable under all of the circumstances of this case. The award is consistent with the plaintiff's contract with counsel, which contemplated fees in the amount of 25% of past-due benefits, the total award is reasonable in light of the work performed and results

obtained, and the amount of total fees to be paid is within the 25% contemplated and does not constitute a windfall to counsel under the circumstances of this case.

### III.    Conclusion

The motion for fees (Doc. 77) is hereby **granted**, and counsel for the plaintiff, Paul F. McTighe, is awarded § 406(b) fees in the amount of $16,095.48, to be paid from the amount withheld from the plaintiff's past-due benefits in accordance with the defendant agency's policy.

IT IS SO ORDERED this 28th day of November, 2023.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge